SANTI PERI, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — what are excessive damages.*

87h    499
72 AD ¹323

Upon the trial of an action brought to recover damages sustained by reason of the alleged negligence of the defendant, it appeared that the injury complained of was the loss of the plaintiff's foot; that the plaintiff was a laborer and accustomed to earn about a dollar and a half per day; that he had not been able to work since the accident, a period of about eleven months; that he was twenty-four years of age, and suffered some pain at the time of the trial. It did not appear that the case differed from the ordinary one where the loss of a foot was suffered, or that there would not be as complete a recovery as is ordinarily secured in such a case, neither was it shown that the ability of the plaintiff to labor would be seriously impaired or to what extent. The jury rendered a verdict in favor of the plaintiff for $10,000.

*Held*, that as the testimony came short of supplying a more definite guide, experience and observation must lead to the conclusion (in view of the fact that the plaintiff, though suffering from disability occasioned by the loss of his foot, was still able to labor and to earn wages not much diminished in amount from the sum earned by him previous to the accident) that the jury were governed by some mistaken view in arriving at their verdict, and that the verdict should be reduced to $5,000, which would seem to be ample compensation to the plaintiff for the injury sustained by him.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 4th day of January, 1895, upon the verdict

of a jury rendered after a trial at the Erie Circuit, and also from an order made at the Erie Special Term and entered in said clerk's office on the 8th day of February, 1895, denying the defendant's motion for a new trial on a case containing exceptions.

*Charles A. Pooley,* for the appellant.

*George W. Cothran.* for the respondent.

Present — Lewis, Bradley, Ward and Werner, JJ.

Judgment and order affirmed on opinion of Childs, J., at Special Term.

The opinion of Childs, J., was as follows :

Childs, J. :

The plaintiff received an injury which resulted in the loss of his foot, and this action was brought to recover the damages sustained thereby, upon the claim that such injury was occasioned wholly by reason of the negligence of the defendant and without any negligence on the part of the plaintiff contributing thereto.    Upon the trial testimony was given by the plaintiff tending to' establish his cause of action, and by the defendant tending to establish its defense and disprove the allegations of negligence on its part.    At the close of the testimony the court held that questions of fact arose upon the testimony and submitted the case to the jury, and a verdict was rendered in favor of the plaintiff and against the defendant for the sum of $10,000.    The testimony given upon the trial has been again, and upon this motion, carefully examined and considered, and the conclusion again reached that a case was made for the jury, and that there is no such balance of testimony in favor of the defendant as to authorize the court to set aside the verdict as against the evidence.

The defendant's claim that the verdict is excessive presents a more serious question.

The plaintiff is a laborer and accustomed to earn about one dollar and fifty cents per day.    If he was entitled to recover he was entitled to be compensated for the pain and suffering which he endured by reason of the injury and for the diminution of his ability, if any, to work and earn money.    But little testimony was given relating to the question of damages.    It appeared that the plaintiff had lost one

foot and that he had not been able to labor since the accident, a period of about eleven months; that he was twenty-four years of age, and suffered some pain at the time of the trial. Beyond these facts the jury were left to conjecture as to the future results or effect of the injury. It did not appear that the case differed from the ordinary one, where the loss of a foot was suffered, or that there would not be in the plaintiff's case as complete recovery as is expected or secured in such a case, or that the ability of the plaintiff to labor would be seriously or to what extent impaired. In this situation it becomes the duty of the court to examine the testimony for the purpose of determining whether the jury in rendering the verdict was controlled by the testimony given and the legitimate inferences to be drawn therefrom, or whether an excessive verdict has been rendered, a verdict unsupported as to the amount, by the evidence. Interest upon the verdict rendered in this case would exceed the amount the plaintiff could earn, if employed every working day in the year at one dollar and fifty cents per day, by the sum of $150 yearly, and this leaves out of the question the principal sum. Governed by experience and observation, in so far as the testimony comes short of supplying a more definite guide, the mind is led to the conclusion that the plaintiff, suffering from the disability occasioned by the loss of his foot, is still able to labor and to earn wages not much diminished in amount from the sum earned by him previous to the accident, and that this fact should have an important bearing in estimating what amount would compensate the plaintiff for the injury sustained. In view of the condition of the testimony, as stated, it cannot be said that the jury was governed by the rule of compensation in reaching its verdict, but rather by some mistaken view, which resulted in an excessive verdict.

Having reached this conclusion, it follows that the verdict must be corrected by consent of the plaintiff, or that a new trial of the action must be granted. My conclusion is that the verdict should be reduced to $5,000, which sum would seem to be ample compensation to the plaintiff for the injury which he has sustained.

An order may be entered setting aside the verdict and granting a new trial herein unless the plaintiff shall, within five days after the entry and service of a copy of such order, stipulate to reduce the verdict to the sum of $5,000.